UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL STONE,

        Petitioner,        Case No. 1:12-cv-969

v.        Honorable Paul L. Maloney

STEVEN RIVARD,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner, a prisoner at the St. Louis Correctional Facility, originally filed a one-page pleading in this Court entitled "Late Motion; Relief of Appel [sic]." (Pet., docket #1, Page ID#1.) Because the pleading concerned a plea agreement and sentence imposed by a state court, the Court liberally construed the pleading as a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. On October 30, 2012, the Court entered an order requiring Petitioner to file an amended petition on the form provided by the Court. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a). The Court allowed 28 days for Petitioner to comply. Petitioner timely filed an amended petition (docket #6) on November 9, 2012.

According to the amended petition, Petitioner pleaded guilty in the Emmet County Circuit Court to unlawful driving away of an automobile, MICH. COMP. LAWS § 750.413; altering registration plate/possession of forged registration, MICH. COMP. LAWS § 257.247; failure to return rental property valued at more than $1,000 but less than $20,000, MICH. COMP. LAWS § 750.362a(3)(a); receiving and concealing a stolen motor vehicle, MICH. COMP. LAWS § 750.5357; and MV Code - intent to pass false title, MICH. COMP. LAWS § 257.254. The trial court sentenced Petitioner on February 2, 2012, to concurrent prison terms of two to ten years for the intent to pass false title conviction and two to five years for each of the remaining offenses.

Petitioner did not complete the section of the form petition where the Petitioner is required to list his grounds for relief with a brief statement of facts supporting each ground. Instead, Petitioner attached an extra sheet of paper and wrote a narrative in which he first complained about medical care at the Emmet County Jail. Specifically, Petitioner alleged that jail employees forced

him to take six "sphycotic" medications, which caused his liver to start shutting down. He further claims that his court-appointed attorney told him that if he pleaded guilty, he only would be sentenced to probation. In addition, Petitioner asserts that the trial court sentenced him above the guidelines. To the extent Petitioner asserts claims concerning the conditions of confinement at the Emmet County Jail, they are not the proper subject of habeas corpus and must be brought under § 1983. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). To the extent Petitioner raises claims concerning his plea and sentence, the petition is subject to dismissal for lack of exhaustion as set forth below.

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). While his amended petition is difficult to follow, Petitioner appears to allege that his appointed appellate counsel failed to file a direct appeal on his behalf. (*See* Pet., ¶ 9(e), docket #6, Page ID#13.) Petitioner also provided a letter dated August 28, 2012, from Thomas M. Harp, Administrator of the Michigan Appellate Assigned Counsel System (MAACS), informing Petitioner that only the state circuit court has the authority to appoint substitute appellate counsel. Mr. Harp further stated that if another attorney was not appointed to represent Petitioner for purposes of his direct appeal, Petitioner could file a motion for relief from judgment on his own behalf. Petitioner does not allege that he has filed a motion for relief from judgment. Even if he had, he clearly has not had sufficient time to present his claims at each level of the state courts, including the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254©. Petitioner has at least one available procedure by which to raise the issues he has presented in this application. As previously discussed, Petitioner may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Because Petitioner has not yet filed his one allotted motion, he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner was sentenced on February 2, 2012.  He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added).  Petitioner had six months, until August 2, 2012, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(F)(3).  Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).  Accordingly, Petitioner's conviction became final on August 2, 2012.  Petitioner has one year, until August 2, 2013, in which to file his habeas petition.

       In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 22 (1982).

conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[2] The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

---

[2]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   November 26, 2012              /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge